IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

CENTRAL IOWA CARPENTERS PENSION                )
PLAN TRUST FUND, a Trust Fund,                  )
                                                )
     and                                        )
                                                )
BRIAN EWING, and MARSHALL G. LINN, III,         )
TRUSTEES OF THE CENTRAL IOWA                     )
CARPENTERS PENSION PLAN TRUST FUND,             )
                                                )
     and                                        )
                                                )
CENTRAL IOWA CARPENTERS MONEY                    )
PURCHASE PLAN, a Trust Fund,                     )
                                                )
     and                                        )
                                                )
BRIAN EWING, and MARSHALL G. LINN, III,         )
TRUSTEES OF THE CENTRAL IOWA                     )
CARPENTERS MONEY PURCHASE PLAN,                 )
                                                )
                                                )    **No.**
               Plaintiffs,                )
                                                )
     vs.                                        )
                                                )
**JULIE MENDEZ d/b/a**                          )
**MENDEZ DRYWALL**                              )
[SERVE:     Julie Mendez                     )
                 Owner                   )
                 2403 N. 29th St.        )
                 Omaha, NE  68111]       )
                                                )
     and                                        )
                                                )
**JULIE MENDEZ**                                )
[SERVE:     2403 N. 29TH St.                 )
                 Omaha, NE 68111]         )
                                                )
               Defendants                 )

# C O M P L A I N T

## COUNT I

Come now Plaintiffs, Central Iowa Carpenters Pension Plan Trust Fund, a Trust Fund, Brian Ewing and Marshall G. Linn, III, duly appointed and acting Trustees for the Central Iowa Carpenters Pension Plan Trust Fund who are authorized to maintain this action on behalf of the Pension Fund and the other Trustees of the Central Iowa Carpenters Pension Plan Trust Fund, and, for its cause of action under Count I against Defendant Julie Mendez d/b/a Mendez Drywall (hereinafter referred to as "Defendant"), states:

1.      This action arises under and jurisdiction is founded on Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. § 1132 and 29 U.S.C. § 1145.

2.      Plaintiffs Brian Ewing and Marshall G. Linn, III, are duly appointed and acting Trustees of Central Iowa Carpenters Pension Plan Trust Fund who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Central Iowa Carpenters Pension Plan Trust Fund; Plaintiff, Central Iowa Carpenters Pension Plan Trust Fund, is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

3.      Said Plaintiff Fund was established in December 1977, pursuant to the collective bargaining agreement entered into between the Des Moines Construction Council, Inc., (hereinafter referred to as the "Council") and Local Unions No. 106 of Des Moines, Iowa, and No. 1948 of Ames, Iowa of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO.

4.      The situs of the Plaintiff Fund is the City of Des Moines, Polk County, Iowa, and all questions pertaining to the validity, construction and administration of said Fund shall be determined in accordance with the laws of the State of Iowa and the aforementioned Federal laws.

{00334019;CIC17-130;ADS }

5.     Plaintiff has served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

6.     Defendant Julie Mendez is a Nebraska resident doing business as Mendez Drywall in the State of Iowa and particularly in the Southern District of Iowa; that Defendant at all times material herein employed Carpenters performing work covered by the collective bargaining agreement herein mentioned.

7.     In the ordinary course of business, Defendant annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. § 151, and 29 U.S.C. § 185.

8.     At all times material herein, Defendant was bound to a collective bargaining agreement with the North Central States Regional Council of Carpenters, Local Union 106, Des Moines, Iowa, United Brotherhood of Carpenters and Joiners of America ("Local 106"), which required employee benefit plan contributions to be paid to the Plaintiffs.

9.     Carpenter employees of the Defendant were employed under the terms of the collective bargaining agreement between the Defendant and Local 106 under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreement and to submit written reports for the hours worked during such preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant.

10.     That the Defendant is required by Section 209 of ERISA, 29 U.S.C. § 1059, to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees.

11.     Under the agreements hereinabove mentioned, Defendant likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other records relevant to and of assistance in determining whether Defendant's obligations under said agreements to make payments to said Plaintiff Fund have been faithfully performed.

12.     Defendant has also entered into a Promissory Note and Payment Agreement with the Plaintiff Fund, and Defendant has defaulted under the terms of both agreements, making the sum due and payable.

13.     An audit of Defendant's books and records for the period **February 1, 2017 through April 30, 2017** shows that Defendant owes Plaintiff **TWENTY THOUSAND, EIGHT HUNDRED TWO AND 59/100 ($20,802.59) DOLLARS** in unpaid pension plan contributions, and **TWO THOUSAND, EIGHTY AND 26/100 ($2,080.26) DOLLARS** as and for liquidated damages for a total amount due of **TWENTY-TWO THOUSAND, EIGHT HUNDRED EIGHTY-TWO AND 85/100 ($22,882.85) DOLLARS**.

14.     Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on Defendant's part required to be performed under the collective bargaining agreements, Trust Agreements, payment agreement, and promissory note, as amended, and herein referred to.

15.     Defendant is required by Section 515 of ERISA, 29 U.S.C. § 1145 to make fringe benefit contributions to Plaintiff pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended; and this

action is brought by Plaintiff Fund to enforce said Defendant's obligations under Section 515 of ERISA.

16.     That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Plaintiff  is entitled to a mandatory award of unpaid fringe benefit contributions; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiff prays for the following Orders, Judgments and Decrees:

A.     An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **May 1, 2017,** to date; and

B.     For judgment against Defendant in the amount of **TWENTY THOUSAND, EIGHT HUNDRED TWO AND 59/100 ($20,802.59) DOLLARS** in unpaid pension plan contributions, and **TWO THOUSAND, EIGHTY AND 26/100 ($2,080.26) DOLLARS** as and for liquidated damages for a total amount due of **TWENTY-TWO THOUSAND, EIGHT HUNDRED EIGHTY-TWO AND 85/100 ($22,882.85) DOLLARS** for the period **February 1, 2017 through April 30, 2017**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **May 1, 2017,** to date; and

C.     For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

D.     For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

E.     For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. § 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

F.      For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

G.      For judgment against Defendant for costs incurred in this action; and

H.      For such other relief as the Court may deem appropriate.

## COUNT II

Come now Plaintiffs, Central Iowa Carpenters Money Purchase Plan, a Trust Fund, and Brian Ewing and Marshall G. Linn, III, duly appointed and acting Trustees of the Central Iowa Carpenters Money Purchase Plan who are authorized to maintain this action on behalf of the Money Purchase Plan and all the Trustees of the Central Iowa Carpenters Money Purchase Plan, and, for their cause of action under Count II against Defendant, state:

1.      Plaintiffs, Brian Ewing and Marshall G. Linn, III, are duly appointed and acting Trustees of the Central Iowa Carpenters Money Purchase Plan who are authorized to maintain this action on behalf of the Money Purchase Plan and all the Trustees of the Central Iowa Carpenters Money Purchase Plan; Plaintiff Central Iowa Carpenters Money Purchase Plan (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2.      Said Plaintiff Fund was established on June 15, 1976, pursuant to the pursuant to the collective bargaining agreement entered into between the Des Moines Construction Council, Inc., (hereinafter referred to as the "Council") and Local Union No. 106 of Des Moines, Iowa of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO.

3.      Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Fourteen (14), Fifteen (15) and Sixteen (16) of Count I of the within Complaint.

4.      An audit of Defendant's books and records for the period **February 1, 2017 through April 30, 2017** shows that Defendant owes Plaintiffs EIGHT THOUSAND, FOUR HUNDRED ONE AND 91/100 ($8,401.91) DOLLARS in unpaid money purchase plan contributions, EIGHT HUNDRED FORTY AND 19/100 ($840.19) DOLLARS as and for liquidated damages for a total amount due of NINE THOUSAND, TWO HUNDRED FORTY-TWO AND 10/100 ($9,242.10) DOLLARS.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.      An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **May 1, 2017,** to date; and

B.      For judgment against Defendant in the amount of Plaintiffs EIGHT THOUSAND, FOUR HUNDRED ONE AND 91/100 ($8,401.91) DOLLARS in unpaid money purchase plan contributions, EIGHT HUNDRED FORTY AND 19/100 ($840.19) DOLLARS as and for liquidated damages for a total amount due of  NINE THOUSAND, TWO HUNDRED FORTY-TWO AND 10/100 ($9,242.10) DOLLARS for the period **February 1, 2017 through April 30, 2017**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **May 1, 2017,** to date; and

C.      For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

D.      For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

E.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

F.      For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

G.      For judgment against Defendant for costs incurred in this action; and

H.      For such other relief as the Court may deem appropriate.

### COUNT III

Come now Plaintiffs Central Iowa Carpenters Pension Fund, Central Iowa Carpenters Money Purchase Plan, and their respective Trustees, and for their cause of action against Defendant Julie Mendez state and allege:

1.      Plaintiffs Brian Ewing and Marshall G. Linn, III, are duly appointed and acting Trustees of Central Iowa Carpenters Pension Plan Trust Fund who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Central Iowa Carpenters Pension Plan Trust Fund; Plaintiff, Central Iowa Carpenters Pension Plan Trust Fund, is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2.      Plaintiffs Brian Ewing and Marshall G. Linn, III, are duly appointed and acting Trustees of the Central Iowa Carpenters Money Purchase Plan who are authorized to maintain this action on behalf of the Money Purchase Plan and all the Trustees of the Central Iowa Carpenters Money Purchase Plan; Plaintiff, Central Iowa Carpenters Money Purchase Plan, is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

3.      This action arises under the same facts and circumstances as the allegations contained in Counts I and II and therefore supplemental jurisdiction is founded under 28 U.S.C. § 1367.

{00334019;CIC17-130;ADS }

4.      Defendant Julie Mendez resides at 2403 N. 29th St. Omaha, Nebraska 68111.

5.      The situs of the Plaintiff Funds is the City of Des Moines, Polk County, Iowa, and all questions pertaining to the validity, construction and administration of said Fund shall be determined in accordance with the laws of the State of Iowa and the aforementioned Federal laws.

6.      On June 15, 2017, Julie Mendez personally agreed, warranted and guaranteed that in the event employee benefit plan contributions due and owing by Julie Mendez d/b/a Mendez Drywall, to the Plaintiff Funds for the months of February, March, and April 2017 are not satisfied by Julie Mendez d/b/a Mendez Drywall, then in that event the obligations for unpaid benefit plan obligations and liquidated damages of Julie Mendez d/b/a Mendez Drywall, under the applicable collective bargaining agreement, shall in all respects become the personal obligation of Defendant Julie Mendez.

7.      That the employee benefit plan contributions and liquidated damages for the months of February, March, and April 2017, in the amount of **THIRTY-TWO THOUSAND, ONE HUNDRED TWENTY-FOUR AND 95/100 ($32,124.95) DOLLARS,** remain due and owing to the Plaintiff Funds by Julie Mendez d/b/a Mendez Drywall.

8.      That the terms of the Personal Guaranty provide that if Plaintiff Funds are required to file a lawsuit to enforce said agreement, Defendant Julie Mendez will pay all attorney's fees, costs, expenses, and court costs.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments, and Decrees:

A.      For judgment against Defendant Julie Mendez in the amount of **THIRTY-TWO THOUSAND, ONE HUNDRED TWENTY-FOUR AND 95/100 ($32,124.95) DOLLARS,** for unpaid benefit plan contributions and liquidated damages for the period **February 1, 2017 through April 30, 2017**; and

B.      For judgment against Defendant Julie Mendez for reasonable attorney's fees and costs incurred and expended as a result of Plaintiffs bringing this action; and

{00334019;CIC17-130;ADS }

C.      For such other relief as the Court may deem appropriate.


ARNOLD, NEWBOLD, WINTER & JACKSON, P.C.


*/s/ Bradley J. Sollars*
Bradley J. Sollars, Bar No. AT0007502
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
(816) 421-5788
FAX (816) 471-5574

***Attorney for Plaintiffs***